IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS[1],    No. CIV S-09-1300-CMK-P

    Plaintiff,

  vs.    ORDER

MICHAEL FOX,

    Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendant's motion to dismiss for plaintiff's failure to exhaust administrative remedies (Doc. 20), and plaintiff's opposition thereto (Doc. 22).

/ / /

/ / /

/ / /

---

[1] Defendant correctly points out the correct spelling of plaintiff's name, which is corrected herein.

1

## I.  BACKGROUND

This action proceeds on Plaintiff's complaint (Doc. 1), against defendant Dr. Fox.[2] Plaintiff alleges his Eighth Amendment rights were violated by Dr. Fox when he cancelled the treatment other doctors had prescribed for plaintiff's hepatitis.

## II.  DISCUSSION

Defendants bring this motion on the basis that plaintiff failed to exhaust his administrative remedies prior to filing this action.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 549 U.S. 199 (2007).

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

---

[2] Five other defendants were named in the complaint, but have been dismissed for failure to state a claim.

the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and

Rehabilitation.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal.  See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c).  If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached.  The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment.  The form must also be signed by all participating inmates.  Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff complaint."  See id. at 940.  If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately.  See id. at 939.  The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process.  See id.

Here, defendant has provided information on four inmate grievances plaintiff filed while at DVI.  Plaintiff does not dispute these four grievances.  Two of these grievances, Log. No. 08-594 and Log. No. 08-17445, address the issues presented in this case, plaintiff's treatment for hepatitis.  The first, Log. No. 08-594, was filed on February 11, 2008.  Plaintiff stated that he needed to be started on his hepatitis treatment as soon as possible, and was requesting to be transferred. This grievance was partially granted at the informal level, noting plaintiff had

4

appeared before the ICC on February 21, 2008, and it was recommended that he be transferred, but that endorsement was contingent upon bed availability. (Def. Mot., Doc. 20, Exh. B, Attach. 2). Plaintiff then appealed this decision to the formal level, stating he was dissatisfied with the time it will take for transfer. His appeal was granted at the formal level, indicating that plaintiff was endorsed for transfer to Mule Creek Sate Prison on March 27, 2008, and he would transfer as soon as possible.[3] Plaintiff did not take this appeal any further. In his complaint, he claims that he was prescribed treatment to start immediately on May 30, 2008, June 10, 2008, and October 3, 2008. His claim is that Dr. Fox vetoed the treatment each time. However, as defendant points out, this first inmate grievance was filed prior to the alleged constitutional deprivation in the complaint. Thus, it cannot have exhausted the claims raised herein.

The second inmate grievance, Log. No. 08-17445, was filed on November 18, 2008. This one was granted at the First Level. In the decision granting plaintiff's grievance, the reviewer noted that plaintiff's claim was that he was approved for Interferon and Ribavirin treatment for Hepatitis C, which was stopped abruptly without plaintiff understanding why. Plaintiff was requesting treatment be started as soon as possible. In granting the grievance, the reviewer stated "The Chief Physician and Surgeon wrote orders for you to be transferred to a mainline facility as soon as possible so that you can start the appropriate treatment for your condition." (Def. Mot., Doc. 20, Exh. B, Attach. 2). This decision specifically stated that if plaintiff was dissatisfied, he may appeal to the Second Level. As the grievance was granted, however, plaintiff did not appeal it to the next level.

Plaintiff filed the instant action based on his failure to actually receive the treatment he was granted. However, he never grieved that issue, nor did he appeal the decision to provide him treatment, within the time frame set forth by the prison officials. In the inmate

---

[3] It is unclear to the undersigned why petitioner had not transferred by February 2009, or when petitioner did finally get transferred, but that is not an issue before the court at this time.

5

grievance, plaintiff requested to be provided treatment immediately. The remedy he was granted through his inmate grievance was treatment as soon as he could be transferred to another institution. He was not granted immediate treatment. In addition, he was specifically informed that he had more appeals available to him, which he did not take advantage of.

Plaintiff argues that he did exhaust his administrative remedies by obtaining a grant on his inmate grievance. However, he has provided no authority, nor has the court found any, which holds that once an inmate has obtained a grant on his inmate appeal, he has exhausted his claims, regardless of additional levels of appeals available. Here, plaintiff had the option of filing an appeal to the Second Level then the Director's Level, as set forth in the First Level decision. He chose not to, and to be satisfied with the remedy provided, treatment as soon as he could be transferred. If he then failed to obtain the remedy granted, treatment at a new facility, he could have filed a new inmate grievance addressing that issue. However, as plaintiff did not appeal the inmate grievance to the highest level, his claim is unexhausted. Thus, the motion to dismiss will be granted, without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (Doc. 20) is granted, without prejudice; and

2. The Clerk of the Court is directed to enter judgment and close this case.

DATED: March 23, 2011

                                                                       **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE