IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM THOMAS COATS,   No. CIV S-09-1300-CMK-P

  Plaintiff,

 vs.   <u>ORDER</u>

MICHAEL FOX,

  Defendant.

_____/

  Plaintiff, a state prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case was before the undersigned as the presiding judge for all purposes, including entry of final judgment. <u>See</u> 28 U.S.C. § 636(c). Pending before the court is plaintiff's motion for reconsideration (Doc. 29).

  On March 24, 2011, the court granted defendant's motion to dismiss for plaintiff's failure to exhaust his administrative grievances. The court noted that although plaintiff's inmate grievance was granted at the first level, the remedy he was granted was a transfer to another institution to receive his medical treatment as soon as possible. The remedy he had requested was immediate treatment. It was further noted that plaintiff had provided no authority, nor had the court found any, which held that obtaining a grant at any level of the grievance process was

sufficient to exhaust his claims.

Plaintiff has filed a motion for reconsideration on the basis of a recent Ninth Circuit Court of Appeals decision, <u>Harvey v. Jordan</u>, 605 F.3d 681 (9th Cir. 2010). In <u>Harvey</u>, the Court stated "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." <u>Id.</u> at 685. This opinion was rendered after the motion to dismiss was filed, and was therefore not briefed or considered. As the decision appears to be relevant to the issues in this case, the court will require a response from defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall file a response to plaintiff's motion for reconsideration, specifically addressing the decision in <u>Harvey v. Jordan</u>, 605 F.3d 681 (9th Cir. 2010), within 30 days of the date of this order; and

2. Plaintiff may file a supplemental brief within 30 days of the date of defendant's brief.

DATED: April 14, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE