IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS COATS, | No. CIV S-09-1300-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL FOX, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case was before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is plaintiff's motion for reconsideration (Doc. 29). The court requested and has received a response from the defendant. Plaintiff has also filed a reply.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also

1

1  Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995).  The motion must be filed no later

2  than twenty-eight (28) days after entry of the judgment.[1]  See Fed. R. Civ. P. 59(e).  Under Rule

3  59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2)

4  the availability of new evidence; or (3) the need to correct clear error or prevent manifest

5  injustice.[2]  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal.

6  1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015

7  (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord

8  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

9         Under Rule 60(a), the court may grant reconsideration of final judgments and any

10  order based on clerical mistakes.  Relief under this rule can be granted on the court's own motion

11  and at any time.  See Fed. R. Civ. P. 60(a).  However, once an appeal has been filed and

12  docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is

13  pending.  See id.

14         Under Rule 60(b), the court may grant reconsideration of a final judgment and any

15  order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect; (2)

16  newly discovered evidence which, with reasonable diligence, could not have been discovered

17  within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an

18  opposing party.  A motion for reconsideration on any of these grounds must be brought within a

19  reasonable time and no later than one year of entry of judgment or the order being challenged.

20  See Fed. R. Civ. P. 60(c)(1).

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 28-day period from the date the motion was delivered to prison authorities for mailing to the court.  Otherwise, the 28-day period is calculated based on the date the motion for reconsideration is actually filed.

[2] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2).  A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1     The court stated in its order requiring a response:

> On March 24, 2011, the court granted defendant's motion to dismiss for plaintiff's failure to exhaust his administrative grievances. The court noted that although plaintiff's inmate grievance was granted at the first level, the remedy he was granted was a transfer to another institution to receive his medical treatment as soon as possible. The remedy he had requested was immediate treatment. It was further noted that plaintiff had provided no authority, nor had the court found any, which held that obtaining a grant at any level of the grievance process was sufficient to exhaust his claims.

Plaintiff's motion for reconsideration is based on the recent Ninth Circuit Court of Appeals decision, Harvey v. Jordan, 605 F.3d 681 (9th Cir. 2010). In Harvey, the Court stated "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." Id. at 685. In Harvey, the plaintiff (challenging due process relating to a prison disciplinary hearing) had requested a hearing with specific video tape evidence, or his disciplinary be dropped and his status restored. The prison officials granted his first request, that he be given a hearing and access to the videotape. See id. This was the exact relief the plaintiff had requested, and the plaintiff therefore did not appeal. The issue, however, was that he did not receive the relief granted - the hearing with videotape - for over five months. The Ninth Circuit determined that where a prisoner has been granted the relief requested, which was to his satisfaction, it is not his responsibility to ensure the prison officials actually provide that relief, even where the prisoner has set forth an alternative form of relief. See id.

This case is distinguishable from the situation in Harvey. Here, plaintiff did not obtain the relief he sought, nor was he satisfied with the relief received. While he did receive a "grant" on his inmate appeal, the relief granted was not what he had requested nor did it satisfy him. On his 602-form, plaintiff requested: "That Interferon and Ribavirin immediately be started to avoid further liver damage. Please restart my Interferon & Ribavirin treatment." (Motion to Dismiss (Doc. 20) at 22). The prison officials partially granted his appeal at the

3

formal level, stating that plaintiff will receive "Interferon treatment when you reach a mainline facility..." (Id.) Plaintiff was unsatisfied with at response, stating "I'm sick now. Why am I not being treated for my illness (Hep-C) now. There's no telling when I will reach a mainline. I'm sick now that all doctors state I should be treated now." (Id.). At the first formal level, prison officials marked the "Granted" box, and referred to the typed response. In the separate typed response, the officials stated "You are requesting to start Interferon and Ribavirin treatment as soon as possible. [¶] According to your health record, your request for Interferon and Ribavirin treatment was addressed 01-12-09. The Chief Physician and Surgeon wrote orders for you to be transferred to a mainline facility as soon as possible so that you can start the appropriate treatment for your condition." (Id. at 20). Plaintiff was also informed that if he was dissatisfied with that decision he could appeal to the next level.

Plaintiff argues that because his appeal was "granted" he was not required to continue to appeal to the next level in order to exhaust his claim. However, in this instance, as opposed to the situation in Harvey, the prison officials misrepresented plaintiff's requested relief when they granted his appeal. Instead of accurately interpreting plaintiff's request - immediate treatment - they modified his request by stating what he was requesting was treatment as soon as possible. Plaintiff had made it clear in his prior appeal that he did not want treatment "as soon as possible," but wanted treatment immediately. Thus, while his appeal was "granted" he did not receive the requested relief. Thus, he could have, and in order to exhaust his claim should have, appealed that decision to the next level.

The issue addressed in Harvey was where a prisoner is granted satisfactory relief, and the prison officials fail to follow through with what has been promised. See Harvey, 605 F.3d at 685; see also Chatman v. Felker, 2011 WL 445685 (E.D. Cal. 2011). The Ninth Circuit stated that "it is [not] the prisoner's responsibility to ensure that prison officials actually provide the relief that they have promised." Id. (citing Abney v. McGinnis, 380 F.3d 663, 669 (2d Cir. 2004). That is not the situation in this case. Instead, plaintiff was granted relief which was not

satisfactory to him - transfer then treatment, instead of immediate treatment - and the prison officials actually followed through with their promised relief.  Plaintiff was transferred to a mainline facility eleven days after receiving his grant.  Thus, the situation the Ninth Circuit is concerned about, the never-ending cycle of exhaustion, is not present in this case.

Upon reconsideration of the court's decision granting defendant's motion to dismiss, based on recent case law, the undersigned finds no reason to alter the decision.  Plaintiff did not receive the relief he had requested, the prison officials followed through with the relief promised, and plaintiff could have appealed the grievance to the next level.   His decision not to do so renders his claim unexhausted, and the motion to dismiss was properly granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for reconsideration (Doc. 29) is denied.


 DATED:  December 8, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE