IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM THOMAS COATS, | No. 2:09-cv-1300-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| MICHAEL FOX, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding with retained counsel, brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

Pending before the court is plaintiff's motion to reopen discovery (Doc. 77). A hearing on the motion to dismiss was held on February 18, 2015, before the undersigned in Redding, California. Attorney Patrick Dwyer appeared on behalf of plaintiff; deputy Attorney General Timothy Delgado appeared telephonically on behalf of defendant.

/ / /

/ / /

## BACKGROUND

Plaintiff, a state prisoner, brought this action pro se, alleging that Dr. Fox interfered with the treatment he was prescribed by another prison doctor for treatment of his Hepatitis C.  In his complaint, plaintiff alleges he was diagnosed with Hepatitis C in 2007. While at Deuel Vocational Institute-Tracy Reception Center (DVI), on May 30, 2008, Dr. Melcher prescribed treatment for plaintiff's Hepatitis C, to start immediately, of Interferon/Ribavirin.  He was again prescribed treatment of Interferon/Ribavirin by Dr. Tan on June 10, 2008.  And again on October 3, 2008, plaintiff was prescribed treatment of Interferon/Ribavirin by Dr. Imperial and Pat Nachin, APRN.  However, he alleges defendant Fox interfered with the treatment prescribed, and vetoed the treatment.  Reading the complaint liberally, the court determined plaintiff's complaint stated a claim for deliberate indifference in violation of the Eighth Amendment against Dr. Fox, interpreting plaintiff's claims as Dr. Fox deliberately interfering with the treatment prescribed plaintiff

Defendant Fox filed a motion for summary judgement, which was denied September 29, 2014.  This case was then set for a settlement conference before Judge Delaney on February 20, 2014.  However, plaintiff has recently retained counsel, who has substituted in on this case and is asking for additional time and discovery to properly prepare for the settlement conference and/or trial.  The settlement conference date was vacated, to be reset by the end of May 2015.

## MOTION

Plaintiff's attorney filed this motion, seeking to obtain plaintiff's full medical records, propound interrogatories and depose CDCR.  Plaintiff argues that he is not seeking to delay this case, only to obtain the necessary information in order to properly prepare for settlement and/or trial.  Counsel contends he does not have enough information to properly advise his client.  Counsel states that discovery is necessary to determine causation (which is the central issue as to defendant Fox's liability) and the amount of harm.

1    Counsel requests to be allowed to propound a Rule 34 request for production of
2 documents, primarily plaintiff's medical records, a Rule 33 set of interrogatories, and a Rule
3 30(b)(6) deposition of "the CDCR".  He states his requests can be served within a week, and the
4 deposition no more than 30 days beyond the date for defendant's response.  In addition, he states
5 the possibility that additional expert discovery may be necessary after the settlement conference.

6    Defendant objects to reopening discovery as no good cause has been shown to
7 modify the scheduling order, defendant would be prejudiced by the delay in this old case
8 including additional attorney fees, and no new facts or evidence will be gained with additional
9 interrogatories, document demand or deposition.  In addition, defendant argues that plaintiff was
10 not diligent in obtaining the discovery he now seeks.

11    In reply, plaintiff argues that good cause has been shown and defendant will not
12 be prejudiced by the slight delay new discovery would cause, especially as no trial date has been
13 set.  Plaintiff emphasizes no trial date has been set, he is only requesting limited discovery which
14 will take limited time, and he is in need of his entire medical records not just the piecemeal
15 records he currently has.  He also argues that although Rule 26 allows for the exemption in
16 prisoner cases regarding initial disclosures, it is inequitable.

17    Rule 26(b) may allow the court to reopen discovery, but such a decision is in the
18 description of the court.  A moving party must show good cause to modify a Scheduling Order.
19 Fed. R. Civ. P. 16(b)(4); see Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.
20 2002).  In determining whether good cause exists to reopen discovery, court may consider a
21 variety of factors, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3)
> whether the non-moving party would be prejudiced, 4) whether the
> moving party was diligent in obtaining discovery within the
> guidelines established by the court, 5) the foreseeability of the need
> for additional discovery in light of the time allowed for discovery
> by the district court, and 6) the likelihood that the discovery will
> lead to relevant evidence.

United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995) (judgment vacated on other grounds, 520 U.S. 939, (1997)) (quoting Smith v. United States, 834 F.2d 166, 169 (10th Cir.1987)).

  Here, the court issued a discovery order on November 19, 2012, setting a discovery cutoff date of April 15, 2013. On March 4, 2013, the defendant filed a request for additional time to respond to plaintiff's interrogatories, which was granted. On April 15, 2013, plaintiff filed a motion for an additional 60 days to complete discovery. That motion was granted, and the discovery cutoff date was extended to June 21, 2013. Discovery has been closed for more than a year and a half. Plaintiff has successfully defended against a motion for summary judgment, and this case is ready for settlement and/or trial. Indeed, a settlement conference is imminent, with trial to follow if not successfully settled.

  The request to reopen discovery at this late date is opposed by the defendant. Having completed discovery some time ago, defendant is ready to proceed to trial if a settlement agreement is not reached.

  This case has been active for almost six years. Plaintiff has now successfully found an attorney to represent him. The court is mindful that the discovery a pro se prisoner plaintiff is able to obtain is not likely to be equivalent to that which an experienced lawyer would be able to obtain. However, unless such extraordinary circumstances exist, which are not present in this case, even pro se prisoners are required to proceed the best they can on their own in these cases. Plaintiff was provided a significant amount of time to participate in the discovery process, and indeed appears to have been successful in propounding at least some discovery.

  Counsel contends he does not have a full and complete copy of plaintiff's medical records. However, the court notes that plaintiff has attached very legible and apparently fairly complete medical records to his pleadings filed with the court. In addition, plaintiff has access to his medical records through the process with the prison. The court sees no reason, over the course of the six years this case has been active, that plaintiff has not been able to obtain a full

and complete copy of his records.

To the extent counsel argues Rule 26(a) exemption to initial disclosures is inequitable, especially in the case of an incarcerated plaintiff, the rule specifically exempts this type of case from initial disclosures.  This case is no more complex than the typical prisoner civil rights action, and in many ways is less so as there is only one defendant and one claim.  Even though this case was exempt from initial disclosures, the rest of the discovery tools were available to plaintiff, and he had plenty of time and opportunity to request documents he did not have and thought relevant to his case.

At this late stage, the court is not inclined to reopen discovery and start this case over again, on the eve of settlement and/or trial.  That being said, the court is also mindful that counsel, stepping in at this late date, needs a bit of time to get up to speed on this case.  This is the reason the court has vacated the settlement conference date, and is willing to provide some time to counsel to obtain plaintiff's medical records.  Counsel indicated at the hearing that he has attempted to obtain plaintiff's medical records, but has thus far been unsuccessful.  The Attorney General's office agreed at the hearing to obtain a copy of plaintiff's medical records, burned to a CD, and will provide it to plaintiff's counsel on or before March 15, 2015.

**CONCLUSION**

The court does not find good cause to reopen discovery.  Plaintiff's motion to do so will therefore be denied.  This case will go forward with the settlement conference as previously ordered.  If counsel has not already done so, both parties are to provide acceptable dates for the settlement conference to Sujean Park, ADA director, within the next 15 days.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to reopen discovery (Doc. 77) is denied;
2. Defense counsel shall provide plaintiff's counsel with a copy of plaintiff's medical records, burned to a CD, as agreed on or before March 15, 2015; and

3. The settlement conference ordered in this case shall be reset by the end of May 2015.

DATED: February 19, 2015

                                                                     **CRAIG M. KELLISON**
                                                                     UNITED STATES MAGISTRATE JUDGE